*Negligence — right of way — pedestrian struck by street car between intersecting streets.*

Appeal by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the County Court of Queens county in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 16th day of April, 1906, upon the verdict of a jury for seventy-five dollars, and also from an order entered in said clerk's office on the 15th day of May, 1906, denying the defendant's motion for a new trial made upon the minutes.

MILLER, J.: The defendant appeals from a judgment of County Court, entered on the verdict of a jury, and from an order denying a motion for a new trial. The action is for negligence. The plaintiff claims that he was going diagonally across Manhattan avenue in the borough of Brooklyn between street intersections; that as he left the curb he looked in the direction of Greenpoint ferry, from whence the car colliding with him came, and saw no car; that he looked again before stepping on the track and saw no car, although there was nothing to obstruct his view; that as he stepped upon the track he was compelled to wait to allow a car on the further track to pass, and that while waiting he was struck and received the injuries for which the action is brought. The street was narrow, the distance from the curb to the first rail being eight feet. At the point where the accident occurred the defendant's car had the right of way. This feature of the case is important both in determining the plaintiff's duty and the care required of the defendant's motorman. The care required of the pedestrian and the motorman respectively under such circumstances is discussed, and the authorities bearing upon the proposition collated by LAUGHLIN, J., in *Barney* v. *Metropolitan Street R. Co.* (94 App. Div. 388, 395). Without restating the conclusions reached in that case it is sufficient to say that we fully agree with them, and that they required a dismissal of the complaint upon the proof in this case. The judgment and order should be reversed and a new trial granted, costs to abide the event. Jenks, Hooker, Gaynor and Rich, JJ., concurred. Judgment and order of the County Court of Queens county reversed and new trial ordered, costs to abide the event.

---

Henry Bloomgarden, Appellant, v. Ernst Hoffman and Alma Hoffmann, Respondents.—Motion denied, with ten dollars costs. Present — Woodward, Jenks, Gaynor and Rich, JJ.

Mary F. Cushman, as Executrix of the Last Will and Testament of Thomas H. Cushman, Deceased, Appellant, v. Harry C. Cushman, Individually and as Executor, etc., and Others, Respondents.—Motion denied, with ten dollars costs. Present — Woodward, Jenks, Gaynor and Rich, JJ.

John H. Delesderniers, Respondent, v. The Philadelphia Casualty Company, Appellant.—Motion denied, with ten dollars costs. Present — Woodward, Jenks, Gaynor and Rich, JJ.